FRANK W. BENEDICT vs. JAMES EVERARD.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In an action for rent by the lessor against the assignee of the lessee, the defendant contended that notwithstanding the assignment the plaintiff had agreed to treat and had treated the original lessee, who continued to occupy the premises, as his tenant, and had never made any claim against the defendant for rent until the present suit was brought. The court charged the jury that if this contention was established their verdict should be for the defendant; but that if an unqualified assignment of the lease was made to and accepted by the defendant, and the lessor had ever thereafter ceased to regard the original lessee as his tenant, the assignment would render the defendant liable for the rent, whether he occupied the premises or not. *Held* that these instructions were correct.

Certain comments of the trial judge in his charge to the jury *held* not to justify the appellant's claim that they belittled his evidence and were in effect a direction to the jury to disregard it.

The jury were instructed that it was for them to determine what amount of rent, if any, was due. *Held* that there was nothing erroneous in this instruction.

A clause or sentence of the charge to the jury should be read with its context before being pronounced erroneous.

Submitted on briefs June 13th—decided July 13th, 1900.

ACTION for rent, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Hubbard, J.;* verdict and judgment for the plaintiff for $200 damages, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

The case is sufficiently stated in the opinion.

*David Callahan,* for the appellant (defendant).

*Charles F. Bollman* and *George R. Cooley,* for the appellee (plaintiff).

TORRANCE, J. On or about the 1st of May, 1894, the plaintiff delivered to one Taylor a written lease of certain prem-

ises in New Haven for the term of five years from April 1st, 1894, and Taylor entered into possession under said lease. On the 1st of June, 1894, Taylor, with the consent and approval of the plaintiff, by a writing under seal duly executed, assigned and transferred to one Tracey, all of Taylor's interest in and to said lease and to the premises and term therein described, subject " to the rents, covenants, conditions, and provisions " in said lease.

On the same day Tracey bought from the owner thereof, who was a person other than Taylor, all the furniture and fixtures then in the leased premises and used by Taylor in his business there; and afterwards on the same day Tracey, by a writing of that date, leased said furniture and fixtures to Taylor at an agreed rent for the term of twenty-three months from June 1st, 1894, with provisions to the effect that said articles should not be removed from said leased premises nor be delivered to any one without Tracey's written consent. Thereafter Taylor continued to occupy said premises and to carry on his business there until about December 30th, 1896, when he made an assignment in insolvency for the benefit of his creditors.

The foregoing facts were not in dispute at the trial below. In addition to these facts, however, there were certain others about which the parties were in dispute, and concerning which evidence was offered and received without objection, the substance of which may be stated as follows : The plaintiff's evidence tended to prove that on the 1st of June, 1894, Taylor owed the defendant over $4,000 for said fixtures and furniture, and for merchandise theretofore furnished; that Tracey in all that he did, as hereinbefore detailed, was acting under the direction of the defendant's attorney, and as the mere agent, and for the sole benefit, of the defendant, for the purpose of securing the debt which Taylor owed to the defendant; that after June 1st, 1894, Taylor continued to occupy said leased premises under an arrangement made with Tracey as agent of the defendant, until December 30th, 1896, when he gave up the possession of the leased premises, and of the things therein, to the defendant; that in the month

following, the defendant by his agent, one Marinoff, called upon the plaintiff and expressed a wish to settle for the rent then due, and it was then agreed between them that the defendant should pay the plaintiff, in full for the rent due, the sum of $200 ; that with this understanding the plaintiff accepted the surrender of said premises and released the defendant from further liability under said assignment; and that at no time after said assignment did the plaintiff recognize Taylor as his tenant.

On the trial defendant's counsel admitted that the assignment of the lease was drawn by the defendant's attorney for the purpose of securing the debt of about $4,400 due from Taylor to the defendant. The defendant offered evidence to prove and claimed to have proved, that Tracey in what he did was acting for himself and not as agent of the defendant; that plaintiff at the request of Taylor consented to said assignment in order to protect the property and claim of the defendant, and agreed that Taylor should remain as his tenant and be alone responsible for the rent for the remainder of the term of said lease; that Taylor remained in possession of the leased premises until he made an assignment in insolvency on or about December 30th, 1896; that Taylor paid the rent to the defendant during this time, and the receipts for the same were made out in Taylor's name and were given to Taylor; that the plaintiff recognized Taylor as his tenant, and did not before the bringing of this action claim that the defendant was his tenant; and that defendant was never in possession of said leased premises either by himself or his agent, and was never asked to pay rent until the present suit was brought.

The defendant claims, in effect, that the evidence in the case tended to prove that he took the assignment of the lease merely as security for his debt due from Taylor; that he never took possession under it; that the plaintiff, when the assignment was made, agreed that Taylor should continue in possession as his tenant, and that he would continue to look to Taylor alone for the rent; that ever after the assignment the plaintiff continued to regard and treat Taylor alone

as his tenant; and the main grievance of which the defendant complains in his reasons of appeal is, that the court did not instruct the jury that the plaintiff could not recover if they found the facts to be as claimed by the defendant.

Upon a careful examination of the charge we think this complaint of the defendant is not well founded. The jury were told, in substance, that if they found, notwithstanding the assignment, that the plaintiff, at the time it was made, agreed to regard and treat Taylor alone as his tenant, and after the assignment continued to regard and treat Taylor alone as his tenant, their verdict should be for the defendant. Of this instruction the defendant certainly cannot reasonably complain.

The defendant requested the court to instruct the jury, that the plaintiff could not recover unless they found that the plaintiff "had accepted said defendant as his tenant, and that the said defendant had occupied the said premises." The court told the jury, in substance, that if the assignment was made to the defendant through his agent, and the defendant had accepted the assignment, and the plaintiff had ever afterwards ceased to regard Taylor as his tenant, the assignment would bind the defendant to pay the rent, whether he occupied the premises or not. Under an absolute assignment like the one in question here, this charge was correct.

The other requests so far as they relate to matters of law at all were substantially complied with.

The reasons of appeal are eight in number, and the first three have been answered in what has already been said.

The fourth and fifth relate to certain comments of the court upon matters of evidence, as expressed in the parts of the charge stated in said reasons of appeal. We see nothing in these extracts which warrants the claim made that the court belittled the evidence or told the jury in effect to disregard it.

In the sixth reason the defendant complains because the court charged the jury that the amount of rent due, if they found for the plaintiff, was a matter for them to determine from the evidence. The court clearly did not err in this.

In the seventh reason the defendant takes a part of the

Guilford v. Norwalk.

charge and claims that it is erroneous; but that part, when read in connection with its context, shows no error.

The eighth and last reason of appeal relates to the admission of evidence which, even if inadmissible, clearly did the defendant no harm, and does not justify discussion.

There is no error.

In this opinion the other judges concurred.